# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3765 | **DATE** | 7/15/2004 |
| **CASE TITLE** | Humphries vs. Cracker Barrel Restaurant #221 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 8/24/2004 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Ruling held. **ENTER MEMORANDUM OPINION:** Cracker Barrel's motion (Doc 20-1) to dismiss is denied. Humphries must properly effect service by July 30, 2004. Failure to do so will result in dismissal of the complaint and suit.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUL 16 2004 | |
| | Notified counsel by telephone. | date docketed | 26 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
JUL 1 6 2004

HEDRICK G. HUMPHRIES,  )
)
　　　　　Plaintiff,　　)
)
vs.　　　　　　　　　　)　　03 C 3765
)
CRACKER BARREL RESTAURANT # 221,　)
)
　　　　　Defendant.　　)

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the Court on Defendant CBOCS West's ("Cracker Barrel") motion to dismiss pursuant to Federal Rules of Civil Procedure 4(m), 12(b)(4), and 12(b)(5). For the reasons set forth below, the motion is denied.

## BACKGROUND

Plaintiff Hedrick Humphries ("Humphries") brings this case pursuant to Title VII and 42 U.S.C. § 1981, alleging discrimination on account of race and color by his former employer, Cracker Barrel. It is unnecessary to delve into the substantive facts of the case in order to decide the motion before the Court. Given the nature of the motion, however, the procedural history of the claim is critical.



Humphries filed his complaint *pro se* on June 2, 2003. At that time, he also sought to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(d) and asked the Court to appoint an attorney for him under 28 U.S.C. § 1915(e)(1). On June 25, 2003, we denied IFP status due to his $36,000 annual income and his failure to specify what amount of that figure was devoted to supporting his dependents. We also declined to appoint counsel, in part because Humphries failed to demonstrate reasonable attempts to obtain legal assistance.

On October 14, 2003, Humphries renewed his IFP petition, supplying an amended application containing information about his monthly obligations. We noted a contradiction between his stated $1100 monthly mortgage payment and a $350 monthly car payment and his claim elsewhere in the petition that he owned no real estate or automobiles. These inconsistencies convinced us that Humphries was not indigent, mandating a denial of IFP status. Additionally, we warned Humphries that lack of candor in making representations to a court can lead to dismissal of an entire complaint with prejudice.

Around the time of the second denial, Humphries attempted to personally serve Cracker Barrel by mailing a copy of the complaint to the restaurant at which he worked, addressed to the Legal Department. On November 26, Cracker Barrel moved

to dismiss the complaint and notified Humphries of the motion. In support of its motion, Cracker Barrel identified the deficiencies in the prior attempt at service.

On December 2, Humphries filed another amended IFP application and request for counsel, this time seeking to explain the contradictions in the second IFP application and to demonstrate his reasonable attempts at retaining counsel. On December 8, we denied the renewed requests and informed Humphries to pay the filing fee or drop his claim. On December 11, Cracker Barrel again moved to dismiss the complaint. Since Humphries failed to appear and had not yet paid the $150 filing fee, we took no action. Humphries paid the filing fee on January 14, 2004, but has yet to properly serve Cracker Barrel. Cracker Barrel resubmitted its motion to dismiss on May 24, 2003, urging us to dismiss the complaint for insufficiency of process, inadequate service of process, and unreasonable delay in effecting service, in accordance with Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 4(m).

## LEGAL STANDARD

The Federal Rules of Civil Procedure provide that service on a corporate defendant may be effected by delivering a copy of summons to an officer or agent of the corporation. Fed. R. Civ. Proc. 4(h)(1). Illinois law allows corporations to be served by leaving a copy of the process with a registered agent or an officer or agent of the corporation anywhere within the state. Id.; Fed. R. Civ. Proc. 4(e)(1); 735 ILCS

5/2-204. A defendant may be personally served by any individual over 18 years of age who is not a party to the action. Fed. R. Civ. P. 4(c). Rule 4(m) provides a plaintiff 120 days from the filing of the complaint to properly serve the defendant. If the plaintiff has filed an IFP application, the 120-day period does not begin to run until either the petition is granted or when the plaintiff pays the requisite filing fee if the petition is denied. See Williams-Guice v. Board of Educ., 45 F.3d 161, 165 (7th Cir. 1995); Robinson v. America's Best Contacts and Eyeglasses, 876 F.2d 596, 598 (7th Cir. 1989). However, the time limitation imposed by Rule 4(m) is not absolute. See Floyd v. United States, 900 F.2d 1045, 1049 (7th Cir. 1990) (deeming 120-day allotment a "useful tool for docket management, not an instrument of oppression"). The rule requires a court to extend the time period for service if the plaintiff can establish good cause for non-compliance. Fed. R. Civ. P. 4(m); Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 340 (7th Cir. 1996). Additionally, a court in its discretion may decline to dismiss the action and extend the time period for service notwithstanding plaintiff's inability to establish good cause, if the court determines it is in the interest of justice to do so. Panaras, 94 F.3d at 340.

## DISCUSSION

Humphries does not dispute that the 120 days for service have come and gone. However, proper assessment of the instant motion requires us to determine precisely

when it elapsed. Cracker Barrel gives several options and emphasizes that the initial presentation of the complaint occurred over a year ago in June 2003. Because this case involves IFP proceedings, we cannot agree that June is the correct starting point. Rather, as <u>Williams-Guice</u> and <u>Robinson</u> make clear, the filing of an IFP petition stalls the service clock until IFP status is conferred or until a denial is followed by payment of the filing fee.

The instant case falls into the latter category. In such a situation, Local Rule 3.3(e) specifies that the clerk of the court shall notify the petitioner of the amount of the fee that is due. The petitioner then has 15 days to pay the fee or face sanctions, including dismissal of the action. The docket does not reflect that Humphries was ever given this notice, and as he paid the fee about one month after we denied his petition the final time, we do not find sanctions appropriate in this case. Under the applicable case law, then, the 120-day period began on January 12, the date that Humphries paid his filing fee.[1] Even using that much-later date, Humphries is still beyond the 120 days permitted by the rule, as he has yet to formally serve on Cracker Barrel. Therefore, dismissal of this action is appropriate under Rules 12(b)(4), 12(b)(5), and 4(m) unless

---

[1] The parties cite January 14 as the date the filing fee was paid, but the case file reflects that payment was received on January 12; the receipt was docketed on January 14.

Humphries can establish good cause for his non-compliance or point to factors supporting an extension of the period for service, which is in our discretion to grant.[2]

**1. Good Cause**

A plaintiff must be excused from the 120-day time requirement if he can demonstrate that he has good cause for the non-compliance. Fed. R. Civ. P. 4(m); Panaras, 94 F.3d at 340. No exact definition for good cause exists, but a plaintiff must at least show reasonable diligence in effecting proper service. Bachenski v. Malnati, 11 F.3d 1371, 1377 (7th Cir. 1993). Additionally, while a litigant's *pro se* status cannot be the sole factor in assessing whether good cause exists for non-compliance with Rule 4(m), it is a relevant consideration. See Garrett v. Miller, 2003 U.S. Dist. LEXIS 5248, *8 (N.D. Ill. Apr. 1, 2003). Difficulties in obtaining and retaining counsel can also contribute to a finding of good cause. Agostin v. American Airlines, Inc., 2003 U.S. Dist. LEXIS 10947, *15-16 (N.D. Ill. Jan. 2, 2003).

As evidence of reasonable diligence, Humphries points to his attempt at service by mailing the complaint. While an attempt at service via certified mail may represent

---

[2] Cracker Barrel implicitly asks for a reconsideration of our prior decision not to dismiss this suit despite the conflicting representations within the IFP petitions. They rely upon Mathis v. New York Life Ins. Co., in which a suit was dismissed as a result of a plaintiff's false representations regarding his financial status in an IFP application. 133 F.3d 546, 547-48 (7th Cir. 1998). While this sanction is within our discretion, we have already identified the inconsistencies in the IFP petitions of this case and chosen not to dismiss the suit. We will not revisit that decision.

reasonable efforts by a *pro se* plaintiff to serve his opponent, it is not enough to establish good cause. See Drwiega v. Infrared Testing, Inc., 2003 U.S. Dist. LEXIS 15017, *4 (N.D. Ill. Aug. 27, 2003). Moreover, in light of his failure to cure the defective service after Cracker Barrel specified its shortcomings, Humphries cannot successfully argue reasonable diligence. See Robbins v. Brady, 1993 U.S. Dist. LEXIS 7601, *9 (C.D. Ill. May 26, 1993). Humphries also offers his difficulty in obtaining legal counsel as reason for a finding of good cause, but he fails to provide any pertinent facts or dates that could support his contentions. Accordingly, we find that Humphries has not established good cause for failure to comply with Rule 4(m).

## 2. Discretionary Extensions of Time

A plaintiff's inability to establish good cause for non-compliance with Rule 4(m) does not end our inquiry. We must also assess whether it is in the interest of fairness and justice to grant a discretionary extension of time to complete proper service. Panaras, 94 F.3d at 341. Relevant factors in determining whether it is appropriate to grant additional time to effect service include whether the defendant has evaded service or concealed a defect in attempted service, eventual service, prejudice to the defendant, actual notice of the lawsuit, whether the statute of limitations on the action has expired, previous reasonable attempts at service, and a plaintiff's *pro se* status. Troxell v.

Fedders, 160 F.3d 381, 383 (7th Cir. 1998); Panaras, 94 F.3d at 341; Drwiega, 2003 U.S. Dist. LEXIS 15017, at *9.

Here, Cracker Barrel has not evaded service or concealed defects in service it planned to protest. Nor has Humphries properly served them. Though Cracker Barrel is somewhat prejudiced by the passage of time in this case, it is not overwhelming, and it could have easily addressed that concern by waiving service. The balance of factors weigh in favor of a brief extension of time for Humphries. First, during the time at issue, Humphries was proceeding without the benefit of counsel. While this does not exempt him from compliance with the rules of procedure, it requires us to be more lenient in our response to his slip-ups. See Garrett, 2003 U.S. Dist. LEXIS 5248, at *8. Second, it is clear that if we grant the motion to dismiss, the statute of limitations will bar Humphries from refiling his Title VII claims against Cracker Barrel. See Williams-Guice, 45 F.3d at 165. The Seventh Circuit has stressed that an expired statute of limitations weighs heavily in support of an extension of time, especially when the statutory period is extremely short. See Panaras, 94 F.3d at 341. Third, Humphries did attempt to serve Cracker Barrel. Fourth, Cracker Barrel does not dispute that it received actual notice of the lawsuit, and its actions in seeking dismissal indicate its awareness. Fifth, at the time Cracker Barrel filed the instant motion, the 120-day period had elapsed less than two weeks before. Finally, Humphries is now represented

by trained counsel, and we trust that proper service will follow in short order in this case.

In sum, although Humphries has not sufficiently established good cause for failing to serve Cracker Barrel, the circumstances of this case weigh in favor or a discretionary extension of time. Accordingly, we will extend the time for service until Friday, July 30. Failure to effectuate proper service by that date will result in dismissal.

## CONCLUSION

Based on the foregoing, Cracker Barrel's motion to dismiss is denied. Humphries must properly effect service by July 30, 2004. Failure to do so will result in dismissal of the complaint and suit.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: JUL 15 2004