# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3765 | **DATE** | 11/1/2004 |
| **CASE TITLE** | Humphries vs. CBOCS West, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We grant Cracker Barrel's motion (Doc 33-1) to dismiss Humphries' claims under Title VII, with prejudice, on the basis that his Title VII claims were untimely filed. Status hearing and close of discovery set for February 22, 2005 to stand.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | number of notices | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | NOV 01 2004 | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | 38 |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |

SCT    courtroom deputy's initials

date mailed notice

Date/time received in central Clerk's Office    mailing deputy initials

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HEDRICK G. HUMPHRIES, | ) | |
| | ) | |
| Plaintiff, | ) | **DOCKETED** |
| | ) | |
| vs. | ) 03 C 3765 | NOV 0 1 2004 |
| | ) | |
| CBOCS WEST, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This is an employment discrimination case brought Plaintiff, Hedrick Humphries ("Humphries"), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* and 42 U.S.C. § 1981. Defendant, CBOCS West, Inc. ("Cracker Barrel"), has moved to dismiss Humphries' Title VII claims of the complaint, with prejudice, on the basis that they were untimely filed. For the reasons set forth below, the motion to dismiss is granted.

## BACKGROUND

Humphries had been employed at Cracker Barrel Restaurant for three years as an associate manager. Upon termination from Cracker Barrel, in December of 2001, he filed a two-count discrimination claim with the Equal Employment Opportunity

38

Commission ("EEOC") alleging discrimination on the basis of race and retaliation in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 *et seq*. and 42 U.S.C. § 1981.

In turn the EEOC, dismissing Humphries' complaint, issued him a Notice of Right to Sue on March 3, 2003. The notice informed Humphries that if he wanted to commence a civil action, he was required to file a complaint with the court within 90 days of his receipt of the notice. Accordingly, Humphries had until June 5, 2003 to file the complaint.

On June 2, 2003, three days prior to the expiration of the 90-day statutory period, Humphries filed the lawsuit, along with a motion for the appointment of counsel and an application for leave to proceed *In Forma Pauperis* ("IFP"). On June 25, 2003, we denied Humphries' IFP application on the basis that, first, his income was above the poverty threshold level and, second, the petition lacked other pertinent information necessary to make a determination as to his financial circumstances.

Subsequently, Humphries amended the IFP application to include the missing financial information and resubmitted the request to this court on October 14, 2003. Denying the amended application on October 22, 2003, we determined that Humphries was not indigent and, therefore, was ineligible to proceed IFP.

Following the second denial, Humphries, again amended the IFP application and submitted it to this court on December 2, 2003. Upon reviewing the third request, we denied the petition and ordered him to pay the filing fee. On January 12, 2004, 195 days beyond the 90-day statutory of limitations period, Humphries paid the filing fee.

The legal issue before this court is whether Humphries' complaint was timely "filed" within the meaning of 42 U.S.C. § 2000e-5(f)(1), since the filing fees were paid outside of the 90-day statute of limitations period.

## DISCUSSION

Cracker Barrel contends that since Humphries paid the filing fees 184 days after the expiration of the 90-day statute of limitations period, Humphries' complaint was untimely filed under 42 U.S.C. § 2000e-5(f)(1). Thereby, pursuant to the Federal Rules of Procedure Rule 12(b)(6), defendant has moved to dismiss the complaint, "for failure to state a claim upon which relief can be granted". Fed. R. Civ. P. 12(b)(6).

In determining whether to grant a 12(b)(6) motion to dismiss, the Court will accept "the well-plead allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Hentosh v. Herman M. Finch University of Health Sciences* 167 F.3d 1170, 1173 (7th Cir. 1999). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

-3-

"We view the facts in the complaint in the light most favorable to the non-moving party." *Hentosh*, 167 F.3d at 1173.

42 U.S.C. § 2000e-5(f)(1) requires that a plaintiff must file a civil action within 90 days of receiving the EEOC Notice of the Right to Sue. A "civil action is *commenced* by filing a complaint with the court." Fed. R. Civ. P. 3. *Emphasis added.* According to the Northern District of Illinois Local Rules, a complaint is "filed" when the complaint, accompanied with the appropriate filing fee, is submitted to the clerk. Local Rule 3.3. However, a court "may authorize the commencement . . . of any suit . . . without prepayment of fees and costs" if the plaintiff is unable to pay. 28 U.S.C. § 1915(a); *see Williams-Guise v. Board of Education of the City of Chicago*, 45 F.3d 161, 162 (7th Cir. 1995). Where the plaintiff is unable to pay the filing fee, he may submit a petition to the court to proceed IFP. If the judge approves the IFP petition, the complaint is deemed "filed" either on the date of the judge's order or on date the complaint and IFP petition was placed in custody of the clerk. Local Rule 3.3; *see Williams-Guise*, 45 F.3d 161, 162 (7th Cir. 1995); *Stephenson v. CNA Financial Corporation*, 777 F. Supp. 596, 589 (N.D. Ill. 1991); *Quiles v. O'Hare Hilton*, 572 F. Supp. 866, 867 (N.D. Ill. 1983).

However, in cases where the judge rejects an IFP petition, the complaint is not deemed "filed" until the date the filing fees are paid. *Williams-Guise*, 45 F.3d 161 at

-4-

162; *Robinson v. America's Best Contacts and Eyeglasses*, 876 F.2d 596, 597 (7th Cir. 1989). For purposes of the statute of limitations, when an IFP petition is submitted to the clerk, the court will temporarily suspend or toll the limitations period while the court determines whether to grant or deny the IFP petition. However, the limitations period resumes running upon the date the plaintiff receives notification of the denial. *Williams-Guise v. Board of Education of the City of Chicago*, 45 F.3d 161, 162 (7th Cir. 1995); *Triplett v. Midwest Wrecking Co.*, 155 F. Supp. 2d 932, 935 (N.D. Ill. 2001); *see Jarrett v. U.S. Sprint Communications Co.*, 22 F.3d 256, 259 (10th Cir. 1994).

In the instant case, Humphries received the Notice of the Right to File on March 6, 2003. The notice provided that in order to file a civil action, Humphries must file suit within 90 days, or by June 5, 2003. Accordingly, Humphries timely submitted his complaint and his first IFP petition on June 2, 2003, three days before the expiration of the 90-day statute of limitations filing period. In a minute order, dated June 25, 2003, we denied Humphries' IFP petition.

Accordingly, the 90-day statute of limitations tolled during the processing of the petition, but resumed running upon Humphries' notification of the denial. Since the date upon which he was notified of the denial cannot be determined from Humphries' complaint, this court will include three days for service by mail pursuant to

Fed. R. Civ. P. 6(e). *Truitt v. County of Wayne*, 961 F. Supp. 181, 183 (E.D. Mich. 1997). Therefore, the statute of limitations resumed running on June 28, 2003, which left Humphries three days to file his complaint before the expiration of the 90-day statutory period. In other words, Humphries had until July 1, 2003 to pay his filing fee, thereby "filing" his complaint with the court. Humphries, however, did not pay the filing fee until January 12, 2004, 187 days after the expiration of the 90-day statute of limitations period. Therefore, Humphries' complaint was not timely "filed" in accordance with 42 U.S.C. § 2000(e)-(f)(5).

More importantly, while the court on three separate occasions denied Humphries' IFP petition, it never granted Humphries an extension of time in which to either pay the filing fee or to submit an amended IFP petition. Where the court grants a complainant an extension of time to pay the filing fee, a complaint can be held as timely even though the filing fee was paid beyond the 90-day statutory period. *See Robinson v. America's Best Contacts and Eyeglasses*, 876 F.2d 596, 598 (7th Cir. 1989) (complaint held as timely since filing fee was paid within a court approved 90-day extension of the Title VII limitations period); *Triplett v. Midwest Wrecking Company*, 155 F. Supp. 2d 932, 936 (N.D. Ill. 2001) (complaint held as timely since filing fee was paid within a court approved 10 day extension of the Title VII limitations period); *United States ex. rel. Cardenas v. Detella*, No. 97 C 3005, 1998 U.S. Dist.

-6-

LEXIS 15920, at *3 (N.D. Ill. Sept. 24, 1998) (complaint held as timely since filing fee was paid within court approved 25 day extension of the habeas corpus limitations period).

Further, in absence of a court order granting an extension of time in which to pay a filing fee, a complaint can be deemed "timely" filed if the filing fee is paid within 15 days of the notification of the denial of the IFP petition. Local Rules 3.3(e); *see Chatman v. Condell Medical Center, et al.*, No. 99 C 5603, 2001 U.S. Dist. LEXIS 11369, at *13 (N.D. Ill. Aug. 2, 2001) (complaint was held timely because the filing fee was paid 10 days after notification of the IFP petition denial). Therefore, in order for Humphries to have filed a timely complaint, the filing fee had to either be paid prior to the expiration of the 90-day filing period or 15 days after notification of the first IFP petition in accordance with Local Rule 3.3(e).

It should be noted that there are exceptions to the Title VII 90-day filing requirement prescribed in 42 U.S.C. § 2000(e)-(f)(5). While the 90-day time limit is not a "jurisdictional prerequisite to filing a Title VII lawsuit, but rather, is more akin to a statute of limitations and subject to waiver, estoppel, and equitable tolling under appropriate circumstances." *Hentosh v. Herman M. Finch University of Health Sciences*, 167 F.3d 1170, 1174 (7th Cir. 1999); *see Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

One exception is the doctrine of equitable estoppel, sometimes referred to as fraudulent concealment. Under this doctrine, a limitations period is suspended when "defendant takes active steps to prevent the plaintiff from suing in time, such as by hiding evidence or promising not to plead the statue of limitations." *Hentosh*, 167 F.3d at 1174. Since Humphries' complaint neither alleges nor provides a basis to infer that defendant purposely hindered Humphries' ability to file a timely complaint, equitable estoppel is not applicable in this case.

A second exception is equitable tolling. This doctrine permits a plaintiff to avoid the bar of the statute of limitations if, despite all due diligence, he is unable to obtain vital information bearing on the existence of his claim. *Id.* at 1174. "Equitable tolling should be exercised only sparingly and not in cases where claimant failed to exercise his due diligence in preserving his legal rights." *Knight v. City of Milwaukee*, No. 98-2510, 1998 WL 846857, at *2 (7th Cir. Nov. 25, 1998). Similarly, Humphries' complaint neither alleges nor provides a basis to infer that his untimely filling of his complaint was due to his inability to obtain information that was essential to establishing his claim. Therefore, the doctrine of equitable tolling cannot be applied in this case to bar the 90-day statute of limitations requirement.

Humphries asserts that in the Seventh Circuit, once the court denies an IFP petition, the complainant has a "reasonable" amount of time in which to pay the filing

fee. Relying on *Williams-Guice v. Board of Education*, 45 F.3d 161 (7th Cir. 1995),

Humphries contends that his Title VII complaint should not be dismissed as untimely

because the fee was paid within a reasonable time after the *third* IFP petition was

denied. The fact that Humphries paid the filing fee 35 days after the date of the third

IFP petition denial is irrelevant. While reasonableness may be a factor into the inquiry

as to whether a complaint that has been filed outside of the 90-day statute of limitation

period is timely, the Seventh Circuit has not established reasonableness as the

controlling standard of analysis.

In *Williams-Guice*, the Court discussed a hypothetical fact pattern that is similar

to this case and raised the very question on which this case turns: "What happens when

the plaintiff lodges the complaint and application to proceed IFP with two days to go

[on the statute of limitations clock] and does not learn about the judge's order denying

the complaint until the time has run?" *Id.* at 165. However, the *Williams-Guice* Court

left this question unanswered and instead, gave two potential solutions, one being that

the "time remains in suspension for a *"reasonable* time". *Id. Emphasis added.* Since

*Williams-Guice*, the Seventh Circuit has yet to resolve this issue. Additionally, since

the issue in *Williams-Guise* involved the timeliness of service of process and not the

timeliness of the filing of a complaint, the discussion of a possible "reasonableness

test" is dicta, and, therefore, not controlling. Thus, Humphries' assertion that the

complaint was timely filed because the filing fee was paid within a "reasonable" amount of time after the third denial of the IFP petition is misguided.

Even if this court was persuaded to use a "reasonableness test" to determine whether Humphries had timely filed his complaint, he would not have satisfied that standard. The court denied the first IFP petition on June 25, 2003. Even allowing three days for mail service, Humphries was notified of the denial on June 28, 2003 and yet did not submit an amended IFP petition until October 14, 2003, 118 days after notification of the denial. Moreover, we denied the second IFP petition on October 22, 2003. Again, allowing three days for mail service, Humphries was notified of the denial on October 25, 2003 but did not submit the third petition until December 2, 2003, 38 days later after notification of the denial. Finally, we denied the third petition on December 8, 2003 and the filing fee was paid on January 14, 2004. Adding three days for mail service, the fees were not paid until 32 days after notification of the denial of the third petition. Taking into account three days for mail service and the three days that were remaining on the statute of limitations clock when Humphries received notification of the denial of the first IFP petition, he had until July 1, 2003, the end of the limitations period, to file a timely complaint.

Therefore, Humphries did not pay the filing fee until 195 days after the expiration of the 90-day statute of limitations period. Accepting the 195 days as

-10-

reasonable would be inconsistent with the rationale for the 90-day statute of limitations for Title VII discrimination cases.

Congress has expressed the limitations bar not in months or years, but in days. It requires . . . the court complaint to be filed within 90 days after the receipt of the EEOC "right to sue" letter. 42 U.S.C. § 2000e-5(e)(1). Implicit in this legislation is a policy that there should be no delay in employment discrimination cases. It is a recognition that memories may fail in the workplace in recalling the minutia of what is said and what was done. It therefore becomes necessary to hear testimony while precise recollections are keen and are not dulled by undue passage of time. *Sanders v. Venture Stores, Inc.* 56 F.3d 771, 775 (7th Cir.1995). Therefore, it is clear that the time period of 195 days greatly undermines the purpose of the statute of limitation guidelines.

## CONCLUSION

For the foregoing reasons we grant Cracker Barrel's motion to dismiss Humphries' claims under Title VII, with prejudice, on the basis that his Title VII claims were untimely filed.

Charles P. Kocoras
Chief Judge
United States District Court

NOV - 1 2004

Dated: _____

-11-