UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HEDRICK G. HUMPHRIES,  )
                       )
          Plaintiff,   )
                       )
     vs.               )    03 C 3765
                       )
CBOCS WEST, INC.,      )
                       )
          Defendant.   )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Defendant CBOCS West, Inc. ("Cracker Barrel"), for summary judgment and the motion of Plaintiff Hedrick Humphries to strike the declaration of Kimberly Tramel. For the reasons set forth below, the motion for summary judgment is granted and the motion to strike is denied as moot.

## BACKGROUND

Humphries is a former employee of Cracker Barrel at its restaurant and retail store in Bradley, Illinois. He is African-American. During the three years that Humphries worked for Cracker Barrel, he was never demoted, nor was his pay ever reduced. He was promoted at least once. Over the last eight months of his

employment, Humphries received nine written or verbal warnings with respect to his work performance that were memorialized in written Employee Counseling Reports, or "ECRs." Twice these ECRs informed Humphries that potential disciplinary action included termination. The three penultimate ECRs, issued in early September 2001, stated that they were a "final" warning.

In late November 2001, Humphries informed William Christensen, the district manager for the Bradley restaurant and store, that he felt he and another African-American employee named Venis Green were being treated in a discriminatory manner because of their race.

On the morning of December 3, Joe Stinnett, another associate manager, reported finding the store safe unlocked and slightly open. Cracker Barrel policy requires that an associate manager who closes a store in the evening is responsible for making sure that the store safe is closed and locked before leaving for the night. Humphries was the associate manager on duty the night of December 2. His employment was terminated on December 5. According to Cracker Barrel, this termination occurred because Humphries was on duty the night before the safe was found open; according to Humphries, the termination was the result of Cracker Barrel's desire to retaliate against him for his November comments to Christensen.

Our prior opinions detailed the procedural morass that ensued after Humphries' termination. It is sufficient to note that, as the case now stands, the only cause of action asserted is founded in 42 U.S.C. § 1981. According to Humphries, Cracker Barrel interfered with his rights to make and enforce contracts to the same extent enjoyed by white citizens. Cracker Barrel moves for summary judgment in its favor on his claims.

**LEGAL STANDARD**

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on issues on which the nonmovant bears the burden of proof at trial. Id. The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence. Id. The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. Bay v. Cassens Transport Co., 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence

is such that a reasonable jury could return a verdict for the nonmoving party." Insolia v. Philip Morris, Inc., 216 F.3d 596, 599 (7th Cir. 2000); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

## DISCUSSION

Though Humphries originally sued under both Title VII and 42 U.S.C. § 1981, we dismissed the Title VII claims on November 1, 2004. Thus, the motion and this opinion focus solely on Humphries' § 1981 claim.[1]

To avoid summary judgment of a § 1981 claim arising from an employment relationship, an employee must show that he or she undertook the statutorily protected action of making or enforcing a contract, an action by the employer that worked to the detriment of the employee, and a causal connection flowing from the former to the latter. See Herron v. DaimlerChrysler Corp., 388 F.3d 293, 301 (7th Cir. 2004). The third element can be established either directly or indirectly. See Davis v. Con-Way Transportation Central Express, Inc., 368 F.3d 776, 783 (7th Cir. 2004). The direct

---

[1] The parties do not address the issue of whether § 1981 applies to termination of an at-will employment relationship. In Gonzalez v. Ingersoll Mill. Mach. Co., the Seventh Circuit opined in dicta that it does not. 133 F.3d 1025, 1035 (7th Cir. 1998). Although the court has not since passed on the question definitively, the text of § 1981, which specifically refers to termination as being within its scope, and at least one subsequent opinion make the continued vitality of Gonzalez on this point questionable. See Walker v. Abbott Laboratories, 340 F.3d 471, 477-78 (7th Cir. 2003). However, since Cracker Barrel has not pressed this point, we will proceed using the assumption that § 1981 can apply to the situation in this case.

method allows a trier of fact to find discriminatory conduct without inference or presumption. See id. The evidence necessary to allow a plaintiff to employ the direct method can consist of either an employer's admission that the challenged action was the product of unlawful discrimination or a combination of events that directly indicates that discrimination was afoot. See id. Humphries contends that he can proceed under this method under the second route. He asserts that the combination of the short period of time that elapsed between the time that he complained about Cracker Barrel's treatment of Green and him and Cracker Barrel's inaction with respect to his complaints thereafter directly establish a discriminatory motive. Despite Humphries' arguments, this is far from the "convincing mosaic" necessary to point directly to unlawful motivations behind Cracker Barrel's action. Troupe v. May Dep't. Stores, 20 F.3d 734, 737 (7th Cir. 1994). At best, this evidence describes a few actions concentrated at the time of termination, not the abrupt about-face or pervasive pattern held sufficient in other cases. See Lang v. Ill. Dep't of Child and Family Servs., 361 F.3d 416, 419-21 (7th Cir. 2003); Sitar v. Indiana Dep't of Transportation, 344 F.3d 720, 728-29 (7th Cir. 2003).

The second manner by which discrimination can be shown, the indirect method, consists of a three-step process. See Gonzalez v. Ingersoll Mill. Mach. Co., 133 F.3d 1025, 1032 (7th Cir. 1998). First, the plaintiff must demonstrate a prima facie case for

discrimination.  Id.  To make out his prima facie case, Humphries must show that he is a member of a racial minority, that he was meeting Cracker Barrel's legitimate expectations with respect to his job duties, that he suffered an adverse action, and that similarly situated white employees were treated more favorably than he.  See id. at 1032, 1035.  If Humphries can demonstrate each of these elements, a presumption of unlawful discrimination arises, which Cracker Barrel must counter with a lawful reason for Humphries' termination.  Id. at 1032.  If Cracker Barrel does so, Humphries must then show that the proffered reason is actually a pretext for discrimination.  Id.

Cracker Barrel challenges Humphries' showing on the second and fourth elements of his prima facie case.  With respect to the second, whether Humphries was performing satisfactorily, the parties' arguments clearly indicate that material issues of fact exist.  The fourth, however, clearly falls in Cracker Barrel's favor.

Humphries contends that Ken Dowd and Joseph Stinnett, who are both white and who held supervisory positions, provide the necessary points of comparison. According to Humphries, both of these employees were cited for not meeting Cracker Barrel's standards with respect to safeguarding money and other assets of the company. To be similarly situated, two employees must have the same supervisor, engage in the same conduct, have the same qualifications, and have no legitimately differentiating characteristics that would account for an employer's differing treatment.  See Ineichen

v. Ameritech, 410 F.3d 956, 960-61 (7th Cir. 2005). Humphries contends that Dowd and Stinnett engaged in conduct similar to that for which he was terminated, but they kept their jobs. However, he provides no other information about them that would be germane to the inquiry. In other words, he provides evidence that Dowd and Stinnett are comparable to him in one material respect, but by no means in all material respects. See Sartor v. Spherion Corp., 388 F.3d 275, 279 (7th Cir. 2004). The latter is required to stave off summary judgment. Because Humphries has not offered any employees whom we can determine to be truly similar to him, we have no way to gauge whether Cracker Barrel behaved in a racially discriminatory manner. Because Humphries has not shown each element of his prima facie case, he cannot prevail through the indirect method.

Even if Humphries had offered a similarly situated employee, Cracker Barrel would still be entitled to summary judgment. Viewing the situation from Cracker Barrel's perspective at the time Humphries was fired, there is nothing suspicious about their belief that a violation of their employment policy occurred when the safe was not closed and locked when the store opened on December 3, 2001. See Stewart v. Henderson, 207 F.3d 374, 378 (7th Cir. 2000). Because Humphries was the manager on duty the night before, it was his responsibility to make sure that the safe was closed

and locked. There is nothing unlawful about an employer terminating an employee who fails to safeguard money and other valuables belonging to the employer.

Humphries counters that this reason is a lie; he supports his belief by stating that the safe was locked and closed when he left on the night of December 2. Even if we assume this is true, it does nothing more than show that Cracker Barrel's belief that Humphries had neglected to perform an important duty was incorrect, not that they did not truly hold the belief. That may show that Cracker Barrel made a mistake, but it is not pretext that would allow Humphries to overcome the legitimate business reason Cracker Barrel has proffered for terminating his employment. See id. Consequently, Cracker Barrel is entitled to summary judgment on Humphries' retaliation claim.

**B. Racial Discrimination**

Although Humphries' complaint contends that his termination was motivated both by racial animus and by retaliation for his prior complaints, it is apparent from the presentation he makes in his opposition papers that only the retaliation claim has any vitality. This is especially true given that his response to Cracker Barrel's claimed entitlement to summary judgment on the discrimination claim consists of a single paragraph that in essence contends that his arguments with respect to the retaliation claim apply directly to his discrimination claim and defeat Cracker Barrel's motion.

This presentation does not carry the day for two reasons. First, undeveloped arguments result in waiver of the positions that otherwise might be permissible. See, e.g., Estate of Moreland v. Dieter, 395 F.3d 747, 759 (7th Cir. 2005). Second, as described above, Humphries' retaliation claim fails as a matter of law. If the same arguments are to apply to his discrimination claim, then it must meet a like fate.

**C. Motion to Strike Declaration of Kimberly Tramel**

In connection with his response to the motion for summary judgment, Humphries moved to strike the declaration of Kimberly Tramel, who identifies herself only as an employee of Cracker Barrel. Because the assertions contained within the declaration played no part in our decision and in light of the outcome of the motion for summary judgment, the motion to strike is denied as moot.

## CONCLUSION

Based on the foregoing, Cracker Barrel's motion for summary judgment is granted. Humphries' motion to strike the declaration of Kimberly Tramel is denied as moot.

_Charles P. Kocoras_
Charles P. Kocoras
Chief Judge
United States District Court

Dated:   October 6, 2005